## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GLEN SINGLETON | CIVIL ACTION |
| | NO. 06-4743 |
| VERSUS | |
| ST. CHARLES PARISH , ET. AL. | SECTION M |

**ORDER**

Before the Court is a motion for summary judgment filed by Defendants Cpl. Richard Miguez, Deputy William Roth, and Deputy Christopher Olivier.  The Motion is opposed by plaintiff, and came for hearing on April 30, 2008, on the briefs.  After consideration of the motion, the opposition, the briefs by all parties and the applicable law, the Court grants the motion.

This Court dismissed defendants Wal-Mart and its employee Curtis Howard from this action in its order of January 18, 2008 (rec. doc. #71) finding that under the post Katrina circumstances, denying plaintiff Glen Singleton immediate access to the Wal-Mart store did not violate his constitutional rights under 42 U.S.C.§1983.  Now, this Court must determine whether or not these defendants violated Singleton's Constitutional rights, and  if so, whether these rights were clearly established at the time of the incident and whether the conduct of the defendants was objectively unreasonable in light of the clearly established

law.  See Pierce v. Smith 117 F.3d 866 (5th Cir. 1997).

On September 12, when Singleton refused to comply with Cpl. Miquez request to leave the property, Deputy Roth physically escorted Singleton away from the store and into the parking lot where Singleton's vehicle was located.  At the request of Wal-Mart employees, Deputy Roth advised Singleton that he was prohibited from returning to the Boutte Wal-Mart store. Based upon these uncontested facts as well as those outlined in our previous order, we find that Cpl. Miguez and Deputy Roth did not violate Singleton's Constitutional rights.

On September 20, 2005, when notified by Wal-Mart employee Howard that Singleton was in front of the store and refusing to leave the premises, Deputy Olivier had probable cause to arrest Singleton, and made a legal arrest.

Singleton presents no evidence to support any element necessary for a claim for intentional infliction of emotional distress.  This Court does not have jurisdiction over any remaining state law claims.

Accordingly, the Motion for summary judgment is **granted** and the case is **dismissed**, each party to bear its own costs.

New Orleans, Louisiana, this 30th day of April, 2008.

                                        Peter Beer
                                  United States District Court